AO 10
Rev. 1/2008

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2008

*Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111)*

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| PROPST, ROBERT B. | U S DISTRICT COURT, ND/AL | 03/19/2009 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| Senior U S District Judge | ☐ Nomination, Date <br> ☐ Initial ☑ Annual ☐ Final <br> 5b. ☐ Amended Report | 01/01/2008 to 12/31/2008 |

| 7. Chambers or Office Address | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. |
|---|---|
| P. O. Box 820 <br> Anniston, Alabama 36202 | Reviewing Officer_____ Date_____ |

***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☑ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

RECEIVED 2009 MAR 30 A 10:02 FINANCIAL DISCLOSURE OFFICE

Propst_Robert_B 1

| Name of Person Reporting | Date of Report |
|---|---|
| PROPST, ROBERT B. | 03/19/2009 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| PROPST, ROBERT B. | 03/19/2009 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets)<br><br>Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. 1/3 int. real estate, Oxford, Al-unimproved & improved | | None | | | Sold | 01/08 | N | G | Dandy RV |
| 2. Colonial Bank, Anniston, AL (CD)▮▮ | B | Interest | K | T | | | | | |
| 3. Amerisure Mutual Fund, MN investments - ▮▮ | A | Dividend | K | T | | | | | |
| 4. Oppenheimer Fund Mutual Fund | *B* | Dividend | K | T | | | | | |
| 5. Colonial Bank-Common Stock, Anniston, AL | B | Dividend | J | T | | | | | |
| 6. Colonial Bank-Common Stock, Anniston, AL ▮ | C | Dividend | J | T | | | | | |
| 7. Regions Bank Anniston, AL CD ▮▮ (several CD's) | D | Interest | M | T | | | | | |
| 8. Regions Bank Anniston, AL - CD | A | Interest | K | T | | | | | |
| 9. Insurance Cash Surrender-In Clifford Trust (Regions Bank) | D | Interest | L | T | | | | | |
| 10. Regions Bank Anniston, AL Cash-checking | A | Interest | K | T | | | | | |
| 11. Annuity-Fidelity Fund (Fidelity Ins.) | B | Dividend | M | T | | | | | |
| 12. AG Edwards, Anniston, AL (Money Mkt Acct) | A | Interest | J | T | | | | | |
| 13. AmSouth Bank, Anniston, AL CD (now Regions Bank)▮▮ | B | Interest | K | T | | | | | |
| 14. Thornburg Fund, First AL Bank, Anniston, AL | A | Dividend | K | T | | | | | |
| 15. Hoover, AL Municipal Bond | B | Interest | K | T | | | | | |
| 16. Fidelity Investment IRA Mutual Funds | A | Dividend | L | T | | | | | |
| 17. Fidelity Investment IRA Mutual Funds ▮ ▮ | A | Dividend | K | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. Mineral Rights, Fayette County, AL ▓▓ | A | Royalty | J | W | | | | | |
| 19. Regions Bank Checking ▓ | A | Interest | J | T | | | | | |
| 20. Wachovia Bank Checking ▓ | A | Interest | J | T | | | | | |
| 21. 1/3 int in house & lot Calhoun Cty, AL (see one above) | | None | | | Sold | | *See 1. and 11* | | |
| 22. Lincoln National Life Annuity ▓ 2 a ccts) | A | Interest | J | T | | | | | |
| 23. Hartford Insurance Annuity ▓ ) | C | Interest | K | T | | | | | |
| 24. Western Southern Annity ▓ | C | Interest | L | T | | | | | |
| 25. 1/2 int Calhoun Cty unimproved real estate ▓ | | None | M | W | | | | | |
| 26. Noble Bank & Trust Company Common Stock | | None | K | T | | | | | |
| 27. Noble Bank & Trust - checking | A | Interest | K | T | | | | | |
| 28. Noble Bank & Trust CD | B | Interest | K | T | | | | | |
| 29. Wachovia Bank CD | C | Interest | L | T | | | | | |
| 30. Southern States Bank CD | C | Interest | L | T | | | | | |
| 31. Noble Bank & Trust CD ▓ | B | Interest | L | T | | | | | |
| 32. Southern States Bank - checking | A | Interest | J | T | | | | | |
| 33. 2 Mutual Funds Wachovia Securities | A | Interest | L | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

The Fidelity Accounts include various mutual funds.
A G Edwards now Wachovia Securities.
Thornburg Fund is now Morgan Keegan Bank with Regions Bank █████.
VII Investments and Trusts Items 1 and 21 were contiguous properties which were sold as one tract of property. Pricing information in 1 includes the sale of property in 1 and 21.

| Name of Person Reporting | Date of Report |
|---|---|
| PROPST, ROBERT B. | 03/19/2009 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature_____

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

**Chambers of**
**ROBERT B. PROPST**
Senior Judge
(256) 236-4170

May 4, 2009

Honorable Bobby R. Baldock
Chair
Judicial Conference of the United States
Committee on Financial Disclosure
One Columbus Circle, N.E.
Washington, DC 20544

Re: Robert B. Propst
    U. S. District Judge
    Northern District of Alabama
    Report dated 3/19/2009

Dear Judge Baldock:

This is in response to your letter of April 20, 2009. As I understand your letter, I am to respond to the following entries, all of which are under Part VII of the report:

(1) Lines 16 and 17 on page 4.

██████████ I each have an IRA account with Fidelity Investment Company of Boston, Massachusetts (Fidelity). Each of these accounts are funded by mutual funds which were purchased by Fidelity. In my 2007 report I listed each mutual fund in each of these IRA accounts. In the 2008 report, I elected to just list the totals of the two accounts. There are no individual stocks, bonds or assets in either of these accounts. In summary, the assets listed in lines 16 and 17 of the 2008 report are the same as listed in lines 15, 16, 17, 18, 19, 20 and 21 of the 2007 report. The "Keough" profit sharing account reported on line 21 of the 2007 report was rolled over during 2008 into the IRA account reported on line 16 of the 2008 report.

I trust that the foregoing satisfactorily address the issues raised in the second, third and fourth paragraphs of your letter regarding lines 16 and 17. Also see page 6.

Propst_Robert_B 2

(2) With regard to the Southern States Bank CD reported on line 30 of page 5, this CD was purchased in 2008 after I sold the properties listed on lines 1 and 26 of the 2007 report. This sale is reported on line 1 of the 2008 report and further explained on page 6. Although you have not questioned the entries on lines 29, 31 and 33 of the 2008 report, I note that each of these were also purchased with funds received from the sale reported on line 1 of the 2008 report.

It would appear to me that the only possible issue is whether I should have to continue to list the separate mutual funds covered by the IRA accounts administered by Fidelity. I cannot fathom why this should be necessary.



Senior United States District Judge

RBP/scl